UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| JOE CISNEROS ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. |
| ) | 1:11-cv-10402 |
| ) | |
| EOS CCA, INC. ) | |
|     Defendant, ) | |
| ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff Joe Cisneros an individual consumer, against Defendant EOS CCA, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.     JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here.

### *III.     PARTIES*

3. Plaintiff, Joe Cisneros is a natural person residing in Mount Vernon, Washington.

4. Defendant, EOS CCA, Inc., is a corporation engaged in the business of collecting debt in this state and in the state of Washington, with its principal place of business located at 700 Longwater Drive, Norwell, MA  02061. The principal purpose of Defendant is the collection of debts in this state and also in the state of Washington, and defendant regularly attempts to collect debts alleged to be due another.

5.   Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6.   Defendant placed continuous collection calls to Plaintiff in a manner that displays intent to annoy Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7.   Upon information and belief, Defendant began placing collection calls to Plaintiff in January of 2010.

8.   During collection calls, Plaintiff has been told by Defendant, "Well if you think this is bad, what would you think if we started garnishing your wages?"

9.   To date, Defendant has not taken action to garnish Plaintiff's wages.

10.  During collection calls, Plaintiff has been misled by Defendant, as Plaintiff was told by Defendant, "We're going to keep a terrible mark on your credit score, and you're not going to be able to do anything as far as your credit goes, be it getting a car or a credit card – it's never going to happen."

11.  To date, Defendant has not acted on its self-alleged ability to prevent Plaintiff from ever getting a car or a credit card.

12.  During collection calls, Plaintiff has been told by Defendant, "Well let me break it down for you Mr. Cisneros, this is what the federal government is going to do for you. We are going to take only $1,000.00 of your tax money since you owe $1,078.00, and leave $78.00 in there, and we will let it accrue interest and build back up to $700-800, and then we will call you to start collection all over again."

13.  As a result of the acts alleged above, Plaintiff suffered severe emotional distress resulting in stress.

## IV.   *CLAIM FOR RELIEF*

14.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:
    (a) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff;

(b)  Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as action that would prevent Plaintiff from ever getting a car or a credit card, as well action that would prevent Plaintiff from ever being able to fully pay off Plaintiff's alleged debt; and

(d)  Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action; and

(e)  Defendant violated *§1692e(1)* of the FDCPA by using false, deceptive, or misleading verbal representation and/or implication that Defendant is vouched for or affiliated with the United States government; and

(f)  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

16.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17.    As a result of the foregoing violations of the FDCPA, defendant is liable to the plaintiff Joe Cisneros for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant EOS CCA, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.
B. Actual damages.
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.
F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,
By: /s/ Derek DePetrillo
Derek DePetrillo
BBO: 670303
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (603) 685-3323
Fax: (888) 712-4458
Attorney for Plaintiff

***DEMAND FOR JURY TRIAL***
Please take notice that plaintiff Joe Cisneros demands trial by jury in this action.